IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,            Case No. 11-cr-63-pp-6

       Plaintiff,

v.

MAURICE DAVIS,

       Defendant.

**ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION (DKT. NO. 313)**

**I.    INTRODUCTION**

On March 15, 2011, the defendant and several others were indicted for violating federal drug laws (including 21 U.S.C. §841(a)(1), possession with intent to distribute, and 21 U.S.C. §846, conspiracy). Dkt. No. 1. On October 19, 2011, the defendant pleaded guilty to charges in a superseding indictment. Dkt. No. 113. Judge Charles N. Clevert, Jr. sentenced the defendant on April 17, 2013; Judge Clevert imposed a sentence of ten years' imprisonment and four years of supervised release. Dkt. Nos. 260, 261. On May 7, 2013, the defendant appealed his sentence and judgment, Dkt. No. 263, and on September 5, 2014, the Seventh Circuit Court of Appeals affirmed the judgment, Dkt. No. 294.

On June 30, 2015, the defendant filed an unopposed motion to reduce his sentence. Dkt. No. 308. On November 1, 2014, the United States Sentencing Commission revised the §2D1.1 drug quantity tables with

1

Amendment 782. The Amendment made reductions to the drug quantity tables apply retroactively to the defendant's case. Pursuant to 18 U.S.C. §3582(c)(2), the defendant sought a reduction in his sentence as a result of Amendment 782. The defendant's attorney provided a new sentence calculation and recommended that the court resentence the defendant to "a low-end sentence of 110 months." Dkt. No. 308 at 3. Counsel noted that while defendant "was previously the beneficiary of a below-guidelines sentence," "§1B1.10(b)(2)(A) stands for the proposition that variances beneath the low-end of the amended guideline range are unavailable to persons obtaining relief under §3582(c)(2)." Id. at 2-3 and 3 n.1. On July 20, 2015, the court accepted counsel's recommendation, and reduced the defendant's sentence from 120 months to 110 months. Dkt. No. 310.

On August 10, 2015, the defendant filed a motion for reconsideration, Dkt. No. 313, followed by a supporting brief on August 31, 2015, Dkt. No. 314. Citing n.1 in the unopposed motion to reduce his sentence, the defendant asserts that his attorney "in effect sought to eliminate the Court's discretion to move below the advisory guideline range by asserting" that "§1B1.10(b)(2)(A) stands for the proposition that variances beneath the low end of the amended guidelines range are unavailable to persons obtaining relief under §3582(c)(2)." Id. at 1. The defendant argues that such an application of "§1B1.10(b)(2)(A) violates the Ex Post Facto Clause." Id.

2

## II. ANALYSIS

### A. Standard for a Motion for Reconsideration

"Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure." Talano v. Nw. Med. Faculty Found., Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). And, "[n]one of the Rules of Criminal Procedure authorizes a generic motion to reconsider; the criminal rules lack a counterpart to the motions authorized by Fed. R. Civ. P. 50(b), 52(b), or 59." United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010). The court noted, however, that "[m]otions may exist as a matter of general practice. And that's what the Supreme Court has held. The Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." Id.

The Federal Rules of Civil Procedure provide two ways for someone to ask a court to look again at a previous ruling. First, Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." Second, Rule 60(b) allows the court to "relieve a party . . . from a final judgment for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief." The party must file a Rule 60(b) motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1).

3

"Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b)." Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1121 n.3 (7th Cir. 2001) (citing Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995); Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993)). "Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence." Id. (citing Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998)).

Prior to 2009, Rule 59(e) had a ten-day filing deadline. Fed. R. Civ. P. 59(e) advisory committee notes (noting that the committee expanded the timeline for post-judgment motions under Rule 59(e) because "in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days."). Before 2009, if the defendant filed a motion, without indicating under which rule he filed it, the court would construe the motion as a Rule 59(e) motion if it fell within the ten-day filing period. Romo, 250 F.3d at 1121 n.3 (citing United States v. Deutsch, 981 F.2d 229, 301 (7th Cir. 1992) (noting the bright-line rule that all substantive motions filed within 10 days of the entry of judgment be treated under Rule 59)). Using that same logic, if, without citing a rule, a defendant files a motion for reconsideration within the new twenty-eight-day filing period, the court will construe it as a motion to alter or amend the

judgment under Rule 59(e). See United States v. King, No. 99-CR-952-1, 2013 WL 4008629, at *5 (N.D. Ill. Aug. 5, 2013) (citing Deutsch, 981 F.2d at 300-01).

In this case, the defendant filed his motion on August 10, 2015, twenty-one days after the court entered the judgment reducing his sentence. Therefore, the court construes it as a motion to alter or amend the judgment under Rule 59(e). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citing Charles v. Daley, 799 F.3d 343, 348 (7th Cir. 1986)). The movant cannot use the rule "to raise novel legal theories that a party had the ability to address in the first instance." Id. (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The defendant attempts to show a "manifest error" of law. To prove a "manifest error," he must do more than express "disappointment" in the outcome of his case. Oto v. Met. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). He must demonstrate a "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Id. (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

    B.    Under §1B1.10(b)(2)(A) of the Sentencing Guidelines, the Court Does Not Have Discretion to Reduce the Defendant's Sentence below the Low End of the Range.

Section 1B1.10(b)(2)(A) of the sentencing guidelines states, "Except as provided in subdivision (B), the court *shall not* reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and this policy statement to a term

5

that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." (emphasis added). The use of the phrase "shall not" indicates that the court does not have any discretion here; the court *cannot* reduce the defendant's term below the low end of the newly-calculated range when the defendant seeks a reduction under §3582.

Further, the Seventh Circuit has held that district courts do not have discretion in an instance like this one. United States v. Garcia-Fragoso, No. 15-2512, 2015 WL 9301383, at *1 (7th Cir. 2015). "Any reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" Id. (citing 18 U.S.C. §3582(c)(2); United States v. Guyton, 636 F.3d 316, 318 (7th Cir. 2011)). "[T]he policy statements," as noted in this defendant's unopposed motion for a sentence reduction, "provide that a defendant's sentence may not be reduced to 'less than the minimum of the amended guideline range.'" Id. (citing U.S.S.G. §1B1.10(b)(2)(A); United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009)). "[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that 'the court may not modify a term of imprisonment once it has been imposed,'" and district courts view the policy statements "as part of the statute." Cunningham, 554 F.3d at 708 (quoting 18 U.S.C. §3582(c)).

There is one exception. A district court may reduce a sentence below the low end of the new range "if the district court had earlier given [the defendant] a below-guidelines sentence because he provided substantial assistance to the

6

government." United States v. Salinas-Ospina, 622 Fed. Appx. 577, 578 (7th Cir. 2015) (citing §1B1.10(b)(2)(B)).

The defendant in this case received an initial sentence of 120 months, which fell below the guideline range of 130 to 162 months. Dkt. No. 308 at 1-2. Judge Clevert imposed that sentence, however, not because of the defendant's substantial assistance to the government, but because of his acceptance of responsibility. Id. Because the original below-guidelines sentence was not the result of substantial assistance, this court does not have the authority under 18 U.S.C. §3582(c)(2) to impose a reduced sentence below the newly-calculated range. The defendant's attorney was correct in recognizing that fact.

    C.    Amendment 782 to Section 1B1.10 Does Not Violate the Ex Post Facto clause.

The defendant also asserts that §1B1.10(b)(2)(A) violates the Ex Post Facto clause of Article I, §10 of the Constitution. The Seventh Circuit Court of Appeals has considered, and rejected, this argument. In Salinas-Ospina, the court held, "Section 3582(c)(2) proceedings can only reduce sentences, not increase them." Salinas-Ospina, 622 Fed. Appx. at 578 (citing United States v. Diggs, 768 F.3d 643, 645-46 (7th Cir. 2014)." "The ex post facto clause focuses on 'lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" Id. at 578-79 (quoting Diggs, 768 F.3d at 645). Amendment 782 "to §1B1.10 presents neither a danger of increased punishment nor lack of fair notice." Id. at 579 (citing Diggs, 768 F.3d at 645). Instead, the amendment, coupled with §3582(c)(2), makes the defendant's sentence "more lenient." Id. Further, "the ex

7

post facto clause does not create a constitutional right to a reduced punishment for a past crime." Id. (citations omitted).

The court notes that the defendant cited to United States v. King, No. 99-CR-952-1, 2013 WL 4008629 (N.D. Ill. Aug. 5, 2013) in support of his argument. In that case, the district court determined "that Subsection (b)(2)(A) of Section 1B1.10 violates the *Ex Post Facto* Clause because it alters the formula used to arrive at the applicable reduced Guidelines sentencing range pursuant to a Section 3582(c)(2) motion." Id. at *21. The court reached this conclusion because subsection (b)(2)(A) "in application has the effect of eliminating the discretion possessed by sentencing courts to reduce a defendant's term of imprisonment below the advisory Guidelines range . . . ." Id. The King decision is inapplicable to the defendant's case for two reasons.

First, King addressed Amendment 750 to the sentencing guidelines, which, under the circumstances of that case, effectively *increased* the reduced sentence. Id. at 20. The defendant sought a reduction under Amendment 782, not Amendment 750. The Seventh Circuit has ruled more than once that Amendment 782 "to §1B1.10 presents neither a danger of increased punishment nor lack of fair notice," and therefore does not violate the Ex Post Facto clause. Salinas-Ospina, 622 Fed. Appx. at 578-79.

Second, King is a decision by a district court in Illinois. One district court's decision is not binding on another. A decision of the Seventh Circuit, however, is binding on all district courts within the Seventh Circuit. While the King court's decision does not bind this court, the Seventh Circuit's multiple

8

rulings that §1B1.10(b)(2)(A) does not violate the Ex Post Facto clause is controlling on this court.

**III. CONCLUSION**

The court **DENIES** the defendant's motion for reconsideration (Dkt. No. 313).

Dated in Milwaukee, Wisconsin this 1st day of April, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge